NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-273-JBC

JASON T. GUESS                                                   PLAINTIFF

VS.               **MEMORANDUM OPINION AND ORDER**

GWEN HOLLOMAN, ET AL.                            DEFENDANTS

The plaintiff, who is confined at the Blackburn Correctional Complex in Lexington, Kentucky, has filed a *pro se* 42 U.S.C. § 1983 complaint.

CLAIMS

The plaintiff alleges, in essence, that deliberate indifference has been exhibited to his serious medical needs in violation of the Eighth Amendment and that his Fourteenth Amendment equal protection rights have been violated. Additionally, the plaintiff invokes the supplemental jurisdiction of this court to assert various state law claims. Specifically, the plaintiff complains of an alleged delay in receiving appropriate treatment for a serious injury, an acute fracture of his left hand and/or wrist, and the kind of treatment he was rendered.

DEFENDANTS

The defendants are Blackburn Correctional Complex Officials: Chief Nurse

1

Gwen Holloman; Head Warden Steve Haney; Nurse Patricia Birchfield; Nurse Ann Kelly; LPN Antonia Gates; and Referring Physician Dr. Hosey. Commonwealth of Kentucky Department of Corrections Medical Director Scott Haas is also named as a defendant. The defendants are sued in both their individual and official capacities.

## RELIEF

The plaintiff seeks a judgment that his United States Constitutional Eighth and Fourteenth Amendment rights have been violated; that his rights under Sections 3, 17, 227, and 254 of the Constitution of the Commonwealth of Kentucky have been violated; and that his protections under K.R.S. §§ 522.010, 522.020, and 522.030 have been abridged. Additionally, the plaintiff seeks compensatory and punitive damages.

## PLAINTIFF'S ALLEGATIONS

On July 7, 2004, the plaintiff fell while playing tennis and injured his left hand and/or wrist. He experienced severe pain and reported to the Blackburn Correctional Complex medical office, where he was seen by LPN Antonia Gates. She diagnosed a "soft tissue injury" and acknowledged the possibility of a broken bone. A doctor's appointment was scheduled and the plaintiff was provided Motrin for pain. Every day from July 8 until July 19, the plaintiff regularly reported to "pill call" complaining of pain, swelling, and sleeplessness despite his apparent ongoing ingestion of Motrin. Consistently, he was told to continue to take Motrin and that eventually he would be scheduled to see the doctor. On July 20th, the plaintiff filed his first formal "Sick Call"

complaint with the Blackburn Correctional Complex. On July 21, 2004, the plaintiff was scheduled for x-rays pending approval "through Frankfort." X-rays were taken on July 27, 2004, at the Radiology Department of the University of Kentucky Hospital, and the plaintiff was diagnosed as having an "acute fracture." He was returned to the Blackburn Correctional Complex. On July 27, 2004, the plaintiff filed a grievance regarding his alleged lack of treatment. The following day he banged his injured hand against a locker, causing additional pain. He sought and was denied stronger pain medication than the apparently continually provided Motrin. On August 3, 2004, the plaintiff again went to "pill call" where, again, he was not afforded a requested hand brace or splint. On August 5, 2004, Nurse Holloman answered his July 27, 2004, grievance. The plaintiff was informed that he was scheduled for an orthopedics appointment on August 9, 2004. On that date, the plaintiff was preparing to be transported to the University of Kentucky Medical Center. Due to an "institutional emergency count" (*i.e.*, escape), the institution was placed on lockdown status and, apparently due to the exigencies of the situation, the plaintiff was not transported to the U.K. appointment. The plaintiff filed an appeal to the Department of Corrections Health Care Grievance Committee. On August 12, 2004, the plaintiff was taken to the University of Kentucky Orthopedics Department where he was x-rayed, CT-scanned, and fitted for a removable plaster cast. Over the next ten months the plaintiff was fitted with three casts and two splints. On March 28, 2005, Psychologist B.J. Stockton diagnosed the plaintiff as having post-traumatic stress

disorder as a result of the delay in treatment afforded to the plaintiff's hand/wrist injury. On March 29, 2005, surgery was performed on the plaintiff's left hand. On April 25, 2005, the final cast was removed. The plaintiff was transferred to the Kentucky State Reformatory for inpatient physical therapy.

The plaintiff alleges he now has a permanent disability in his left hand and wrist which was caused by the delay in appropriate medical treatment afforded to him. He also alleges he suffered post-traumatic stress disorder as a result of the alleged delay in appropriate medical treatment.

## DELIBERATE INDIFFERENCE - EIGHTH AMENDMENT

The plaintiff, in essence, alleges that deliberate indifference has been exhibited to his serious medical needs for hand pain medication and for more expedient treatment for his hand injury.

The plaintiff has a constitutional right to adequate medical care while in custody. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). It is well established that "deliberate indifference to the serious medical needs of prisoners" constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle*, 429 U.S. at 104, 97 S.Ct. 285.

The Supreme Court has held that "[i]n order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's

serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, a prisoner must show both "deliberate indifference" and "serious medical needs." *Id.* The plaintiff has established that he had a serious medical need for hand/wrist care and for some level of pain medication.

The plaintiff cannot establish that deliberate indifference has been exhibited to his serious medical needs. The plaintiff has been afforded a substantial amount of medical attention. At most, he has alleged a difference in opinion between him and his health care provider regarding the expediency of specific treatment. This does not generally create a constitutional claim. *See Tolbert v. Eyman*, 434 F.2d 625 (9th Cir. 1970); *Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983). In *Davis v. Powell*, 110 Fed.Appx. 660 (6th Cir. (Mich.) 2004), the court explained, "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Id.* (quoting *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976)); *see also Mack v. Wilkinson,* 2004 WL 232730, *1 (6th Cir.(Ohio (C.A.6 (Ohio),2004) (unpublished). Deliberate indifference is more than mere negligence in failing to supply medical treatment. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Watson v. Dominguez*, 2003 WL 22038336

5

(N.D. Tex. 2003) (citing *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)). Prompt administration of pain medication and a splint for an inmate's metacarpal fracture precludes the necessary showing of hostility on the part of prison staff to support a deliberate indifference to serious medical needs claim. *Ruiz v. Homerighouse*, 2003 WL 21382896 (W.D.N.Y.). Neither a one-week dely in scheduling an appointment to see a specialist nor a 15-day delay in sending an inmate to an emergency room for treatment of a broken hand constitutes Eighth Amendment deliberate indifference. *Rodriguez v. Ames,* 224 F.Supp.2d 555, 561-563 (W.D.N.Y. 2002).

The plaintiff's Eighth Amendment deliberate-indifference-to-serious-medical-needs claims will be dismissed.

## EQUAL PROTECTION

The plaintiff conclusorily alleges a Fourteenth Amendment equal protection claim. He fails to set forth the factual basis of this claim or the theory under which he makes these assertions. Beyond his conclusory allegations the plaintiff has offered no factual allegations and no proof. Consequently, his equal protection claim fails. *Garrison v. Corr*, 26 Fed.Appx. 410 (6th Cir. 2001) (citing *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

## STATE TORT CLAIMS OF NEGLIGENCE

A mere violation of state law will not establish a proper claim pursuant to 42 U.S.C. § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citing *Conley*

6

*v. Williams*, 28 F.3d 1213 (6th Cir. 1994) (unpublished opinion)).  The violation of state law, without more, is not a constitutional violation for purposes of section 1983.  *White v. Gerbitz*, 892 F.2d 457, 459 (6th Cir. 1989) (citing *See, e.g.*, *Clark v. Link*, 855 F.2d 156 (4th Cir. 1988) (mere violation of state law does not necessarily give rise to section 1983 claim)).  42 U.S.C. § 1983 is not an avenue for redress of tort claims against the government or public officials.  *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993).  Facts giving rise to state law tort claims do not necessarily give rise to constitutional torts under § 1983.  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994).  "[N]ot every tort by a state official is a constitutional violation, and . . . the Fourteenth Amendment is not a 'font of tort law to be superimposed upon whatever systems may already be administered by the States.'"  *Whaley v. County of Tuscola*, 58 F.3d 1111 (6th Cir. 1995), *cert. denied*, 116 S.Ct. 476 (1995) at 1117 (quoting *Paul v. Davis*, 424 U.S. 693, 700-01 (1976)).  Absent any other basis for jurisdiction, federal courts do not have jurisdiction over actions regarding "duties that are analogous to those traditionally imposed by state tort law."  *Lewellen v. Metropolitan Govt., et al.*, 34 F.3d 345, 351 (6th Cir. 1994) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citations omitted)).  Without more, federal courts are not an avenue for redress of tort claims.  *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993).

Consequently, the plaintiff's state tort claims will be dismissed.

## STATE CONSTITUTIONAL CLAIMS

The plaintiff asserts claims based upon various provisions of the Constitution of the Commonwealth of Kentucky and upon various Kentucky statutes. These claims are based upon the supplemental jurisdiction of this Court. When federal claims against defendants should be dismissed, then the pendent or supplemental state tort claims should be dismissed as well. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966). As the federal claims in the case at bar are to be dismissed, therefore, the state law claims appended to this case will also be dismissed.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

Signed on August 15, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY